IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KANE ANTHONY FOSNAUGHT

    Petitioner,

v.                                                 CIVIL ACTION NO. 2:16cv115

HAROLD W. CLARKE, Director,
Virginia Department of Corrections,

    Respondent.

## REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Kane Anthony Fosnaught's ("Fosnaught") Petition for a Writ of Habeas Corpus ("Petition") filed pursuant to 28 U.S.C. § 2254, ECF No. 1, and the Respondent's Motion to Dismiss, ECF No. 12. The matter was referred for a recommended disposition to the undersigned United States Magistrate Judge ("undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J). For the following reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 12, be **GRANTED**, and Fosnaught's Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE**.

## I. FACTUAL AND PROCEDURAL BACKROUND

On August 31, 2012, Fosnaught and his co-defendant Garshamii Cox, approached two individuals, BM, and JB, as they were leaving a department store at Lynnhaven Mall in Virginia

1

Beach. ECF No. 14, attach. 1 at 6. BM "made a movement towards" Fosnaught so Fosnaught fired his gun into the air. *Id.* at 7. Fosnaught then pressed his gun on BM's neck and "a brawl ensued in the parking lot." *Id.* at 6. Fosnaught hit JB in the face with his handgun and took BM's handgun and cash before running away. *Id.* JB "sustained a concussion and required stitches from the fight." *Id.* at 7. Fosnaught was apprehended inside the Barnes and Noble bathroom inside of the mall with cash and a handgun. *Id.* at 8. Fosnaught told police he had just been attacked by two men and had run from them. *Id.*

On March 6, 2013, the Circuit Court for the City of Virginia Beach held a bench trial on this matter. ECF No. 14 at 1. Fosnaught testified on his behalf that "he intended to fight the other two (2) boys but not to rob them" and that JB "approached him first before any physical contact ensued between the two of them." ECF No. 14, attach. 1 at 8. The Court found Fosnaught guilty of conspiracy, malicious wounding, robbery, attempted robbery, and three counts of the use of a firearm in the commission of a felony. ECF No. 14 at 1.

At Fosnaught's sentencing on August 19, 2013, both the prosecutor and Fosnaught's counsel asked the Circuit Court at sentencing to impose an active sentence of thirteen years for the firearm convictions and suspend sentencing for his malicious wounding, robbery, attempted robbery, and conspiracy convictions. ECF No. 1 at 30-32. The prosecutor argued that an active sentence for only the firearm offenses was "three years over the high end of the guidelines." *Id.* at 32. Fosnaught was sentenced to thirty-two years with seventeen years suspended, resulting in an active total sentence of fifteen years, for which he is presently confined. *Id.* at 35; ECF No. 14 at 1.

Fosnaught appealed his conviction to the Court of Appeals of Virginia on January 13, 2014. Petition for Appeal, *Fosnaught v. Commonwealth*, No. CR12-4074 (Va. Ct. App. Jan. 13,

2014). Fosnaught argued the Circuit Court erred by denying his (1) "motion to strike and convicting [him] of malicious wounding as the evidence was insufficient or prove the element of malice"; (2) "motion to strike and convicting [him] of use of a firearm in the commission of a felony as the evidence was insufficient to prove the underlying felony of malicious wounding"; and (3) "motion to strike and convicting [him] of conspiracy as the evidence was insufficient to prove a prior agreement between [him] and Garshamii Cox." *Id.* at 3. The Court of Appeals denied his petition on April 10, 2014. ECF No. 14 at 1. Fosnaught appealed to a three judge panel, but was subsequently denied on June 20, 2014. *Id.* at 2. Fosnaught filed a petition for appeal in the Supreme Court of Virginia on July 15, 2014, where he argued the same three issues from his petition to the Court of Appeals. *Id.*, attach. 1 at 5. The Supreme Court of Virginia refused Fosnaught's petition in a decision on the merits on December 10, 2014. ECF No. 14 at 2.

Fosnaught filed a state habeas petition in the original jurisdiction of the Supreme Court of Virginia on June 5, 2015. ECF No. 14, attach. 3. Fosnaught claimed: (A) "Erroneous application of § 18.2-53.1, Code of Virginia, led the Trial Court to believe that it was required that any sentence imposed pursuant to the statute had to be run consecutively with punishments received for a crime other than the primary felony." (B) "Erroneous interpretation of § 18.2-53.1, Code of Virginia, led the Trial Court to punish multiple firearm convictions under first offense provision as a second or subsequent offense provisions, subjecting [him] to an unconstitutional offense." (C) Ineffective Assistance of Counsel because counsel failed to (1) "argue for the firearm sentences to be run concurrent with each other"; (2) "argue against the sentence imposed for the remaining two firearm offens [sic] as being a 'second or subsequent offense'"; and (3)

"present these issues on appeal." *Id.* at 4, 6, 8-9. Fosnaught also requested an evidentiary hearing. *Id.* at 1.

The Supreme Court of Virginia denied Fosnaught's state habeas petition without an evidentiary hearing on February 19, 2016. ECF No. 14, attach. 4. The Court held that Claims A and B were "barred because these non-jurisdictional issues could have been raised at trial and on direct appeal, and thus, are not cognizable in a petition for a writ of habeas corpus." *Id.* at 1. Looking at Claim C1, the Court found that Fosnaught could not "show that had counsel argued his sentences for the firearms offenses be run concurrently, the trial court would have done so" because the trial court rejected requests from both Fosnaught's trial counsel and the prosecutor to "impose active sentences only for [his] firearm offenses…leaving him with an active sentence of thirteen years." *Id.* at 2. Regarding Claim C2, the Court concluded that under Virginia Code § 18.2-53.1, subsequent convictions are considered subsequent offenses such that Fosnaught's trial counsel "could have reasonably determined any argument to the contrary would have been futile." *Id.* Lastly, the Court denied Fosnaught relief on Claim C3 because "the selection of issues to address on appeal is left to the discretion of appellate counsel, and counsel need not address every possible issue on appeal." *Id.* at 2-3. Furthermore, the Court found that Fosnaught failed to demonstrate that "counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the resulting of the proceeding would have been different." *Id.* at 3.

Fosnaught filed the instant Petition for federal habeas relief on March 10, 2016, where he raised the same grounds alleged in his state habeas petition. ECF No. 1 at 1. Fosnaught also requested an evidentiary hearing for Claims C1, C2, and C3 because one was not provided for his state habeas petition even though "[a]n evidentiary basis was present during the state

proceedings." *Id.* at 11-13. Fosnaught claimed "the respondent sought a hearing on the issues" as "claims of ineffective assistance often require investigative work and an understanding of trial strategy."[1] *Id.* at 12-13. On July 14, 2016, the Respondent filed a Motion to Dismiss, a Rule 5 Answer, a Brief in Support of the Motion to Dismiss, and *Roseboro* Notice. ECF Nos. 11-14. Fosnaught filed a Reply on July 29, 2016. ECF No. 15. Therefore, the instant Petition and Motion to Dismiss are ripe for recommended disposition.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Timeliness

Section 2254 petitions are subject to a one-year statute of limitations and must be dismissed if they are filed later than one year after the conclusion of direct review of the conviction or the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A). Generally, the limitation period for filing a § 2254 petition is statutorily tolled during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" is pending. *Id.* § 2244(d)(2). To be properly filed, the petition must comply with the state's procedural rules imposed on post-conviction petitions, *Pace v. DiGuglielmo*, 544 U.S. 408, 413-17 (2005) (denying statutory tolling to an improperly filed petition when the state court rejected the petition as untimely), and violation of those rules, including "time limits, place for filing and filing second or successive petitions," will render that petition improperly filed and ineligible for statutory tolling, *Rodgers v. Angelone*, 113 F. Supp. 2d 922, 929 (E.D. Va. 2000). Moreover, the time in which a habeas petition is pending in federal court does not toll the one-year statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 172 (2001).

---

[1] In Fosnaught's state habeas petition, the Respondent did not request an evidentiary hearing, but took the position that one would be necessary if Fosnaught's trial counsel did not file an affidavit addressing Fosnaught's arguments. Respondent's Brief, *Fosnaught v. Director, Department of Corrs.*, No. 150882, at 5 (Va. July 29, 2015).

The Supreme Court of Virginia refused Fosnaught's petition for appeal on December 10, 2014. Fosnaught's time for filing a writ of habeas corpus in this Court began on March 10, 2015, or ninety days after the Supreme Court of Virginia refused his direct appeal and the time to appeal that order to the United States Supreme Court expired. *See* Sup. Ct. R. 13.1; *Harris v. Hutchinson*, 209 F.3d 325, 328 & n.1 (4th Cir. 2000) ("[T]he time for seeking direct review of [the] state-court conviction was concluded . . . when the period for filing a petition for a writ of certiorari in the United States Supreme Court expired."). Under § 2244(d)(1), Fosnaught had until March 10, 2016, or one year after the expiration of his opportunity to seek direct review, to file his habeas petition in this Court, absent any tolling. Fosnaught filed his state habeas petition on June 5, 2015, eighty seven days after the federal habeas statute of limitations began to run. His state habeas petition tolled the federal habeas statute of limitations for 267 days, calculated from the date Fosnaught's state habeas petition was filed, to February 19, 2016, when the Supreme Court of Virginia dismissed the petition. After the Virginia Supreme Court's dismissal on February 19, 2016, Fosnaught had 278 days remaining to file his federal habeas petition. Thus, Fosnaught's deadline to file his federal habeas petition was extended to November 23, 2016. Fosnaught filed on March 10, 2016. Therefore, the undersigned **FINDS** that Fosnaught's Petition is timely.

**B. Exhaustion**

Before addressing the merits of a federal habeas petition, the preliminary inquiry must be whether the petitioner appropriately exhausted his claims. Section 2254 allows a prisoner held in state custody to challenge his detention on the ground that his custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner, however, must exhaust his available state remedies or demonstrate the absence or ineffectiveness of such

remedies before petitioning for federal habeas relief in order to give "state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). Importantly, "[t]he burden of proving that a claim is exhausted lies with the habeas petitioner." *Id.* at 618. The exhaustion requirement is satisfied if the prisoner seeks review of his claim in the highest state court with jurisdiction to consider it through either direct appeal or post-conviction proceedings, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999), and the "essential legal theories and factual allegations advanced in the federal court [are] the same as those advanced at least once to the highest state court," *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993). Fosnaught raised all present claims in his state habeas petition before the Supreme Court of Virginia. Additionally, this Court notes that the Respondent conceded that all of Fosnaught's claims are exhausted. ECF No. 14 at 5. Accordingly, the undersigned **FINDS** that Fosnaught has properly exhausted his state remedies.

### C. Claims A and B: Procedural Default and Merits

The doctrine of procedural default provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Breard*, 134 F.3d at 619 (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). A state procedural rule provides adequate and independent grounds for dismissal "if it is regularly or consistently applied by the state court" and "does not rely on a rule of federal constitutional law." *Mu'Min v. Pruett*, 125 F.3d 192, 196 (4th Cir. 1994) (citing *Johnson v. Mississippi*, 468 U.S. 578, 587 (1988); *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)).

Here, the Supreme Court of Virginia held that Claims A and B were "barred because these non-jurisdictional issues could have been raised at trial and on direct appeal, and thus, are not cognizable in a petition for a writ of habeas corpus." ECF No. 14, attach. 4 at 1 (citing *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974), *cert. denied*, 419 U.S. 1108 (1975)). The Fourth Circuit has "held on numerous occasions that the procedural default rule set forth in *Slayton* constitutes an adequate and independent state law ground for a decision." *Mu'Min*, 125 F.3d at 196. Therefore, Claims A and B are procedurally defaulted.

However, "[a] petitioner may only overcome procedural default and obtain federal review on the merits if he is able to demonstrate cause and prejudice for the default or demonstrate that failure to review the claims will result in a fundamental miscarriage of justice." *Edwards v. Johnson*, No. 2:10cv339, 2010 WL 5825427, at *3 (E.D. Va. Dec. 15, 2010) (citing *Coleman*, 501 U.S. at 750; *Savino v. Murray*, 82 F.3d 593, 602 (4th Cir. 1996)). "[I]n order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). Fosnaught conceded he did not argue actual innocence, ECF No. 15 at 2, thus he must demonstrate cause and prejudice to overcome his procedural default.

"In order to show 'cause' for the default, [a petitioner] must establish 'that some objective factor external to the defense impeded [his] efforts to raise the claim in state court at the appropriate time.'" *Breard*, 134 F.3d at 619 (citing *Carrier*, 477 U.S. at 488). Fosnaught argued that his "counsel's ineffectiveness would establish cause and prejudice." ECF No. 15 at 2. "Inadequate assistance of counsel at initial-review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez v. Ryan*, 132

8

S.Ct. 1309, 1315 (2012). "Ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (emphasis in original). To constitute cause for a second constitutional claim, an ineffective assistance of counsel claim must be exhausted or else it, too, is procedurally defaulted. *See id.* at 453; *Carrier*, 477 U.S. at 489 ("[T]he exhaustion doctrine . . . generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default."). Here, as explained in Sec. II.B, *supra*, Fosnaught has exhausted Claims A and B in his state habeas petition. Moreover, counsel's alleged ineffective assistance would have caused the procedural default and "[t]he prejudice resulting from the procedural default is that the [Supreme Court of Virginia] refused to hear [Fosnaught's] claim." *Maples v. Stegall*, 340 F.3d 433, 438-39 (6th Cir. 2003) (citing *Coleman*, 501 U.S. at 753). Therefore, the undersigned would find that Fosnaught has shown cause and prejudice to overcome the procedural default of Claims A and B, and the undersigned will review the merits of the claims.

A federal court may grant habeas relief on any claim adjudicated on the merits in state court if the state proceeding "resulted in a decision that was contrary to, or involved an unreasonable application or clearly established law" or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)-(2). A state court's decision is contrary to clearly established federal law if the state court "arrives at a conclusion opposite to that reached by [the U.S. Supreme] Court on a question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court unreasonably applies clearly established law if it identifies the correct legal principle but unreasonably applies it to the facts of the case.

9

*Id.* at 413. Ultimately, though, a federal court must not disturb the state court's judgments unless the "federal court is firmly convinced that a federal constitutional right has been violated." *Id.* at 388. Indeed, federal habeas relief is precluded, "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011).

As to Claim A, the Circuit Court did not unreasonably run Fosnaught's firearm convictions consecutively. Fosnaught argued the Circuit Court erroneously "believe[d] that it was required that any sentence imposed pursuant to the statute had to be run consecutively with punishments received for a crime other than the primary felony." ECF No. 14, attach. 3 at 4. However, both the prosecutor and trial counsel asked the Circuit Court at sentencing to impose active sentences for Fosnaught's firearm offenses and suspend his malicious wounding, robbery, attempted robbery, and conspiracy sentences. ECF No. 1 at 30-32. Specifically the prosecutor argued that an active sentence for only the firearm offenses would result in an active sentence of thirteen years, which he believed was still "three years over the high end of the guidelines." *Id.* at 32. Nonetheless, the Circuit Court sentenced Fosnaught to an active sentence of fifteen years. *Id.* at 35. Given that the Circuit Court imposed a sentence above the guidelines despite the prosecutor and counsel's arguments, Fosnaught has failed to demonstrate that the court did not run his firearm sentences concurrently because it believed it was required to run them consecutively. The Circuit Court was well aware that it could have run them concurrently, but merely chose not to. Therefore, the Circuit Court's decision was not unreasonable and the undersigned **RECOMMENDS** that Claim A be **DISMISSED.**

Likewise, regarding Claim B, the Circuit Court was not unreasonable to sentence Fosnaught for his subsequent firearms offenses. Fosnaught claimed the Circuit Court should have punished him for all of his firearms convictions under the first offense provision of Virginia Code § 18.2-53.1. ECF No. 14, attach. 3 at 6. Virginia Code § 18.2-53.1 provides that a defendant's sentence can be enhanced for subsequent convictions for the use of a firearm in the commission of a felony. Fosnaught was convicted of three counts of the use of a firearm in the commission of a felony. The Supreme Court of Virginia has held that the statute "addresses itself not to the act or the incident, but to the offenses committed with a firearm and the convictions that result therefrom." *Flythe v. Commonwealth*, 275 S.E.2d 582, 583 (Va. 1981). Therefore, the Circuit Court was not unreasonable to sentence his firearms convictions as subsequent offenses, and the undersigned **RECOMMENDS** that Claim B be **DISMISSED**.

### D. Ineffective Assistance of Counsel Claim: Claims C1, C2, and C3

When a state court addressed the merits of a claim that is subsequently raised in a 28 U.S.C. § 2254 petition, a federal court may not grant habeas relief on that claim unless, *inter alia*, the state court decision is contrary to or an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d)(1). "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington*, 131 S. Ct. at 784. The Court independently reviews whether that decision satisfies either standard. *See Williams*, 529 U.S. at 412-13. A state court decision is "contrary to" clearly established federal law if the state court "arrives at a conclusion opposite to that reached by th[e] [U.S. Supreme] Court on a question of law or if the state court decides a case differently than th[e] [U.S. Supreme] Court has on a set of materially indistinguishable facts." *Id.* at 413. As to whether a state court decision is an "['objectively']

11

unreasonable application" of clearly established federal law, the state court must "identif[y] the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably appl[y] that principle to the facts of the prisoner's case." *Id.* at 410. Ultimately, though, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is *firmly convinced* that a federal constitutional right has been violated." *Id.* at 389 (emphasis added). It is this Court's obligation to focus "on the state court decision that previously addressed the claims rather than the petitioner's freestanding claims themselves." *McLee v. Angelone*, 967 F. Supp. 152, 156 (E.D. Va. 1997).

Indeed, federal habeas relief is precluded, "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 131 S. Ct. at 786. "If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Id.* ("It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedent. It goes no farther.") (citation omitted). In other words, "AEDPA prohibits federal habeas relief for any claim adjudicated on the merits in state court, unless one of the exceptions listed in § 2254(d) obtains." *Premo v. Moore*, 131 S. Ct. 733, 739 (2011). Here, as in *Premo*, because there is no allegation that the state courts decided Fosnaught's state habeas "differently than th[e U.S. Supreme] Court has on a set of materially indistinguishable facts," *Williams*, 529 U.S. at 413, the relevant exception is "permitting relitigation where the earlier state decision resulted from an 'unreasonable application of' clearly established federal law." *Premo*, 131 S. Ct. at 739; *see also* 28 U.S.C. § 2254(d)(1).

Generally, to have been entitled to habeas relief in state court for ineffective assistance of counsel claims under the Sixth Amendment, Fosnaught had to show both that his defense counsel provided deficient assistance and that he was prejudiced as a result. *Strickland v. Washington*, 446 U.S. 668, 700 (1984). First, to establish deficient performance, Fosnaught was required to show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688-89 (holding that there is a strong presumption that trial counsel provided reasonable professional assistance). Second, Fosnaught was also required to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 687, 693-94 (holding that counsel's errors must be "so serious as to deprive the defendant of a fair trial," and that the petitioner must "show that the errors had some conceivable effect on the outcome of the proceeding.").

The United States Supreme Court summarized the high bar petitioners face in a federal habeas petition in the context of Sixth Amendment ineffective assistance of counsel claims previously rejected by the state court:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' [466 U.S. 668, 689 (1984)]; *Lindh v. Murphy*, 521 U.S. 320, 333, n.7, 117 S. Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is 'doubly' so, *Knowles [v. Mirzayance]*, 556 U.S. [---, ---], 129 S. Ct. [1411, 1420 (2009)]. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at ---, 129 S. Ct. at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Premo*, 131 S. Ct. at 740. With that standard in mind, the undersigned now turns to the merits of Fosnaught's ineffective assistance of counsel claims.

13

The Supreme Court of Virginia was not unreasonable in finding that Fosnaught failed to satisfy *Strickland*'s demanding standard with respect to Claim C1. The Supreme Court found that Fosnaught was not prejudiced by his trial counsel's actions because he could not "show that had counsel argued his sentences for the firearms offenses be run concurrently, the trial court would have done so" since the trial court had already rejected requests from both Fosnaught's trial counsel and the prosecutor to "impose active sentences only for [his] firearm offenses...leaving him with an active sentence of thirteen years." ECF No. 14, attach. 4 at 2. The Supreme Court of Virginia's decision was not unreasonable. As previously stated in Sec. II.C, *supra*, both the prosecutor and trial counsel asked the Circuit Court at sentencing to impose active sentences for Fosnaught's firearm offenses and suspend his malicious wounding, robbery, attempted robbery, and conspiracy sentences. ECF No. 1 at 30-32. Specifically the prosecutor argued that an active sentence for only the firearm offenses would result in an active sentence of thirteen years, which he believed was still "three years over the high end of the guidelines." *Id.* at 32. Nonetheless, the Circuit Court sentenced Fosnaught to an active sentence of fifteen years. *Id.* at 35. Given that the Circuit Court imposed a sentence above the guidelines despite the prosecutor and counsel's arguments, Fosnaught has failed to demonstrate that the court would have run his firearm sentences concurrently if his counsel had requested to do so. Therefore, the undersigned **RECOMMENDS** that Claim C1 be **DISMISSED**.

Additionally, the Supreme Court of Virginia was not unreasonable in finding that Fosnaught failed to satisfy *Strickland* with respect to Claim C2. The Supreme Court concluded that Fosnaught's trial counsel did not fall below an objective standard of reasonableness and Fosnaught was not prejudiced by his trial counsel's actions because under Virginia Code § 18.2-53.1, subsequent convictions are considered subsequent offenses such that Fosnaught's trial

counsel "could have reasonably determined any argument to the contrary would have been futile." ECF No. 14, attach. 4 at 2. The Supreme Court of Virginia's decision was not unreasonable. As previously mentioned in Sec. II.C, *supra*, Virginia Code § 18.2-53.1 provides that a defendant's sentence can be enhanced for subsequent convictions for the use of a firearm in the commission of a felony. Fosnaught was convicted of three counts of the use of a firearm in the commission of a felony. Although he contended that his trial counsel should have argued at sentencing that all of his convictions be considered first offenses, the Supreme Court of Virginia has held that the statute "addresses itself not to the act or the incident, but to the offenses committed with a firearm and the convictions that result therefrom." *Flythe v. Commonwealth*, 275 S.E.2d 582, 583 (Va. 1981). Failure to make an unnecessary motion does not constitute ineffective assistance of counsel. *See Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) (holding that "counsel is not required to make futile motions or objections"). Thus, counsel was not objectively unreasonable for failing raise an argument contrary to case law. In addition, the Supreme Court did not unreasonably find that Fosnaught was not prejudiced for counsel's failure to raise this issue because he has not shown that such an argument would have resulted in a different sentence. Therefore, the undersigned **RECOMMENDS** that Claim C2 be **DISMISSED**.

Lastly, the Supreme Court of Virginia was not unreasonable in finding that Fosnaught failed to satisfy the *Strickland* standard with respect to Claim C3. The Supreme Court determined that Fosnaught's trial counsel did not fall below an objective standard of reasonableness and Fosnaught was not prejudiced by his trial counsel's actions, holding that Fosnaught failed to demonstrate that "counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would

have been different." ECF No. 14, attach. 4 at 2-3. The Supreme Court of Virginia's decision was not unreasonable. Fosnaught's counsel sought from the sentencing court an active sentence only on the firearm convictions. ECF No. 1 at 30-31. Although this approach was unsuccessful, counsel intended to ensure Fosnaught received a lower active sentence and was supported in his strategy by the prosecutor. *See Strickland*, 466 U.S. at 690-91 ("strategic choices made after thorough investigation of law and facts relevant to plausible opinions are virtually unchallengeable"). Counsel also centered Fosnaught's appeal on the grounds that the Commonwealth's evidence was insufficient to support the malicious wounding, firearm commission, and conspiracy convictions. Petition for Appeal, *Fosnaught*, No. CR12-4074 at 3, ECF No. 14, attach. 1. However, even though these grounds of appeal were not successful, Fosnaught was still required must prove that his counsel's decision to not appeal on the grounds of Claims C1 and C2 was unreasonable. Fosnaught has failed to do so and merely argued in a conclusory fashion that since Claims C1 and C2 are "meritorious...it cannot be said that counsel's failure was in any way strategic." ECF No. 1 at 10. Further, Fosnaught must demonstrate that the issues not presented were "clearly stronger than issues that counsel did not present." *Smith v. Robbins*, 528 U.S. 259, 289 (2000). Since the undersigned has previously concluded Claims C1 and C2 are not meritorious, Fosnaught has not met his burden. The Supreme Court of Virginia's decision was not unreasonable, and therefore the undersigned **RECOMMENDS** that Claim C3 be **DISMISSED**.

### E. Fosnaught's Request for an Evidentiary Hearing

In the instant Petition, Fosnaught also requested an evidentiary hearing for Claims C1, C2, and C3. ECF No. 1 at 11-13. Among other requirements, an evidentiary hearing is permitted "only when the petitioner alleges additional facts that, if true, would entitle him to

relief." *Beaver v. Thompon*, 93 F.3d 1186, 1190 (4th Cir. 1996). Fosnaught argued that an evidentiary hearing for the purpose of exploring his trial counsel's strategy was necessary in the absence of an affidavit from trial counsel, and that both he and the Respondent had requested one in the state habeas proceeding but one was not provided, even though "claims of ineffective assistance often require investigative work and an understanding of trial strategy." ECF No. 1 at 11-13. However, Fosnaught failed to demonstrate what additional facts regarding trial counsel's strategy decisions could be gleaned from such a hearing, and how any such additional facts could somehow establish that the result of the proceeding would have been different. Moreover, as discussed in Sec. II.D, *supra*, further understanding of counsel's trial strategy to support Claims A and B would not entitle Fosnaught to relief. Therefore, Fosnaught's request for an evidentiary hearing is **DENIED**.

### III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 12, be **GRANTED**, and Fosnaught's Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

### IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Fosnaught is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

17

2. The Chief United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner and to counsel for Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
December 9, 2016